IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RUSSELL K. HILL** PETITIONER

V. NO. 3:23-CV-293-DMB-RP

**WARDEN C. LODEN** RESPONDENT

**ORDER**

On July 28, 2023, Russell K. Hill filed a pro se habeas corpus petition under 28 U.S.C. § 2241 ("2023 Petition") in the United States District Court for the Northern District of Mississippi. Doc. #1. In the 2023 Petition, Hill presents four grounds for relief, all of which relate to the sentences he is currently serving pursuant to his Lamar County, Mississippi, convictions for armed robbery and burglary. *See id.* at PageID 6–7.

On December 1, 2022, *before* he filed the 2023 Petition, Hill filed a petition ("2022 Petition") in the United States District Court for the Northern District of Mississippi regarding the same convictions and sentences and asserting the same grounds for relief as his 2023 Petition.[1] However, at the time Hill filed the 2023 Petition, the 2022 Petition had been dismissed without prejudice due to Hill's failure to comply with a court order,[2] and his motion requesting reconsideration of that order was still pending.[3] But on September 22, 2023, *after* Hill initiated the 2023 Petition case, the Court granted Hill's motion for reconsideration in the 2022 Petition case, and transferred the 2022 Petition case to the United States District Court for the Southern

---

[1] *See Hill v. Loden*, No. 4:22-cv-184, at Doc. #1 (N.D. Miss. Dec. 1, 2022).

[2] *Id*. at Doc. #5 (N.D. Miss. Jan. 18, 2023).

[3] *Id*. at Doc. #6 (N.D. Miss. Jan. 27, 2023).

District of Mississippi[4] where it is still pending.[5]

"An action may be dismissed … if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012) (citation omitted). An action is considered duplicative when it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (quoting *Bailey v. Johnson*, 846 F. 2d 1019, 1021 (5th Cir. 1988)). A district court has "broad discretion" in dismissing a complaint as duplicative. *Blakely v. Evans*, 574 F. App'x 420, 420 (5th Cir. 2014).

Because the claims or grounds for relief Hill asserts in the 2023 Petition are identical to those in the 2022 Petition already pending before a federal district court in this state, the 2023 Petition is duplicative litigation.[6] Accordingly, Hill's 2023 Petition [1] is **DISMISSED without prejudice** and Hill's pending motion to proceed in forma pauperis [2] is **DENIED as moot**.

**SO ORDERED**, this 26th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] *Id.* at Doc. #7 (N.D. Miss. Sept. 22, 2023).

[5] *Hill v. Loden*, No. 2:23-cv-135 (S.D. Miss. Feb. 7, 2024).

[6] The 2023 Petition is identical to the 2022 Petition except that Hill (1) in addition to checking the box indicating he is challenging "[h]ow his sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)," stated his "sentence [was] improperly calculated (denial of jail time served, unlawful computation applying a consecutive sentence instead of concurrent as [r]equired by state law / Denial of overcrowding credits and early [r]elease credits)," Doc. #1 at PageID 1; (2) indicated he previously challenged his sentence three times based on filings and rulings that were all issued before the 2022 Petition was filed, *id.* at PageID 2–3; (3) added a reference to "Appendix 8" to his supporting facts for Ground Three, *id.* at PageID 6; (4) added a reference to "Appendix 8" and "Appendix 7" "for exhaustion of Ground #4" and added to his supporting facts for Ground 4 "[a]fter SB 2795 was passed no more rational basis exists," *id.* at PageID 2,7; and (5) attached two additional appendices—"Appendix 7" reflecting his inmate time sheet as of June 12, 2023, and "Appendix 8" containing his Lamar County booking sheets and release sheets, Doc. #1-1 at PageID 38–39, 40–48. The 2023 Petition may be deemed successive. *See United States v. Moore*, 836 F. App'x 309, 310 (5th Cir. 2021) ("If … the claim was ripe, at the time of the prior petition, the later application is likely … successive.") (citation omitted). "[A] successive § 2241 petition is subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again" and "a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ." *Ortiz-Lopez v. Fed. Bureau of Prisons*, 830 F. App'x 127, 131 (5th Cir. 2020) (citations omitted). The additional information in Hill's 2023 Petition supports the same legal claims or could have been included in the 2022 Petition.